**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Christopher Woodberry, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-1753-12 |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On May 5, 1999, a federal grand jury returned a one count indictment charging the petitioner with conspiracy to defraud, alter, and cash United States postal money orders in violation of 18 U.S.C. § 500. The petitioner was subsequently charged in a superseding indictment for knowingly and willfully conspiring and with the intent to defraud, alter, and cash United States postal money orders in violation of 18 U.S.C. § 500. On December 22, 1999, the petitioner pled guilty to the charge. On June 27, 2000, the Court sentenced the petitioner to 24 months confinement followed by 3 years of supervised release. The Court entered judgment on July 17, 2000. The petitioner did not appeal his guilty plea or sentence.

On April 23, 2002, during his term of supervised release, the petitioner was arrested and charged with: (1) conspiracy to possess with intent to distribute and distribution of less than 500 grams of cocaine and a quantity of ecstacy, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) felon in possession of a firearm. On July 10, 2002, before the Honorable Terry L. Wooten, the petitioner pled guilty to Counts (1) and (3). Subsequently, on January 24, 2003, based on the guilty plea, this Court revoked the petitioner's supervised release and sentenced him to 24 months confinement. On March 18, 2003, Judge Wooten sentenced the petitioner to 120 months confinement running consecutively with the sentence entered by this

Court. The petitioner appealed his guilty plea, sentence, and revocation of supervised release. On March 29, 2004, the Fourth Circuit Court of Appeals affirmed the conviction and revocation of supervised release, and on October 4, 2004, the Supreme Court denied the petition for writ of certiorari. On June 17, 2005, pursuant to 28 U.S.C. § 2255, the petitioner commenced this pro se action attacking the sentence resulting from the revocation of his supervised release.

The petitioner claims the Court revoked his supervised release based on an involuntary guilty plea given in the criminal action before Judge Wooten. On May 17, 2005, the petitioner filed a section 2255 action in Judge Wooten's Court also challenging the voluntariness of his guilty plea. The judge who presides over a defendant's trial and sentencing should hear the 2255 motion challenging the validity of these proceedings. See Carvell v. United States, 173 F.2d 348-349 (4th Cir. 1949); see also 28 U.S.C. § 2255, Rule of Procedure 4(a).

Moreover, the Court revoked the petitioner's supervised release based on a guilty plea which has not been vacated. This action, consequently, is premature. The Court therefore dismisses this petition without prejudice.

**AND IT IS SO ORDERED**

July 22, 2005                              **C. WESTON HOUCK**
Charleston, South Carolina            **UNITED STATES DISTRICT JUDGE**